ROBERT L. McCOY AND EVA M. McCOY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4926–69.     Filed March 9, 1972.

*Orvall L. Viers,* for the petitioners.
*J. C. Linge,* for the respondent.

TIETJENS, *Judge:* The first opinion in this case was issued as a memorandum filed February 23, 1971. At that time we sustained,

after minor adjustments, the deficiencies for 1964 and 1965 determined by the Commissioner in the individual income tax of the petitioners, who filed joint returns for the 2 calendar years and who at all times throughout this proceeding have been living together as husband and wife. After our decision was promulgated we granted petitioners' motion to reconsider opinion concerning the possible application of section 6013(e),[1] which was added to the Internal Revenue Code by section 1, Pub. L. 91–679, on January 12, 1971, a date subsequent to the close of the trial. In that connection we set the case for a further hearing on the issue whether Eva M. McCoy should be relieved of liability for tax for the year 1965 under the provisions of the new statute.

The deficiency of $15,398.82 for 1965 is largely attributable to gain realized and recognized under section 357(c) upon the incorporation on January 1, 1965, of the business which Robert L. McCoy carried on as an equal partner with one James E. Curry. We determined that· in connection with the transfer of the business the corporation assumed liabilities which exceeded the adjusted basis for the assets in the hands of the partnership and which amounted to taxable income. In the statutory notice the Commissioner added approximately one-half of the gain to the gross income of the petitioners. They contend now only that Eva McCoy should be relieved of liability for the tax attributable to that income.

The record consists of the stipulation of facts, the exhibits, and the testimony received at the trial on September 9, 1970, as incorporated in T.C. Memo. 1971–34, and the testimony received at the hearing held October 5, 1971.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended. Sec. 6013(e) provides in part:

,(e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

(1) IN GENERAL.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from· gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

(2) SPECIAL RULES.—For purposes of paragraph (1)—

\*          \*          \*          \*          \*          \*          \*

(B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A).

All of the omitted gross income in question is attributable to Robert McCoy. The only occasion Eva McCoy earned income of her own was a 3-month period, not in the taxable years, during which she was employed as a draftsman by a consulting engineering company. She was aware that James Curry and her husband were partners in the business and she knew the general nature of their work. The daily activities or the particular projects that the company engaged in were not familiar to her.

Eva McCoy took no part in the preparation of the joint income tax returns, but she did peruse them when she signed her name.

In 1965 the McCoys owned a six-room house which was mortgaged and two old-model automobiles. There were no dependents. Had Robert McCoy personally been required to make good on $75,000 to $150,000 worth of the partnership liabilities at that time he would have strained the family budget severely if he succeeded at all in discharging the obligations.

OPINION

Neither party questions that the requirements of section 6013(e)(1)(A) have been satisfied, nor do we.

As for subparagraph B, the only direct evidence of Eva McCoy's lack of knowledge of the omission of income is her conclusory assertion to that effect. On the other hand we are aware that she had a passing familiarity with her husband's business affairs and that she took an interest in the contents of the joint returns.

Although the taxpayer has the burden of proving lack of knowledge, *Nathaniel M. Stone*, 56 T.C. 213, 227 (1971), *Jerome J. Sonnenborn*, 57 T.C. 373 (1971), we are not forced to resolve this issue on the weight of the evidence alone. Petitioners have misconstrued the scope of the statute in the first place. The gist of their argument is that since as laymen they were naturally unaware of the tax consequences of incorporating the deficit partnership and since they did not realize the resulting gain in cash or other tangible form, neither husband nor wife should be held liable, but in any event the wife should be relieved of liability in view of section 6013(e). We can understand their frustration, but we do not think section 6013(e) was designed to abate joint and several liability where the lack of knowledge of the omitted income is predicated on mere ignorance of the legal tax consequences of transactions the facts of which are either in the possession of the spouse seeking relief or reasonably within his reach.

The legislative declarations and the cases support this interpretation of section 6013(e)(1)(B). Representative Byrnes, one of the floor

managers of Pub. L. 91–679, stated that the subparagraph requires "complete ignorance of the omission [of income]." 116 Cong. Rec. 43351 (1970). In *Jerome J. Sonnenborn, supra,* we stressed the circumstances which ought to have put the spouse on notice and which consequently precluded a determination that she did not know of the omission and had no reason to know of it. Similarly we held that a spouse's awareness of a special checking account in which his wife deposited payments she received from her former husband was sufficient to charge him with knowledge. *Herbert I. Joss,* 56 T.C. 378 (1971).[2]

Furthermore, if we look to the requirements of section 6013(e)(1) (C), i.e., that taking into account all other facts and circumstances it is inequitable to hold the wife liable for the deficiency resulting from the omission of income, we find there is no inequity in this case. As we see it, the omission here resulted not from any concealment, overreaching, or any other wrongdoing on behalf of the husband, though we appreciate that the "innocent spouse" provisions do not specifically require wrongdoing in order to be brought into play. The omission resulted from a misapprehension of the income tax laws by the preparers of the tax returns and the signatory parties. Apparently neither the husband nor the wife knew the tax consequences of the forgiveness of indebtedness here involved. They were in this respect both "innocent spouses" and we perceive no inequity in holding them both to joint and separate liability.

In our opinion this simply is not a case to which the "innocent spouse" provisions of section 6013 were intended to apply.

*Decision will be entered under Rule 50.*

---

[2] See *Philomena C. Dosek,* T.C. Memo. 1971–160, in which, as here, the omitted income resulted from discharge of indebtedness and was not realized in cash or property.