LAWRENCE I. TRIMMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trimmer v. Commissioner
Docket No. 14395-80.
United States Tax Court
T.C. Memo 1983-131; 1983 Tax Ct. Memo LEXIS 655; 45 T.C.M. (CCH) 960; T.C.M. (RIA) 83131; March 14, 1983. *655 Petitioner filed a joint return with his former wife for the taxable year 1978. Respondent determined a deficiency based on an omission from gross income of amounts embezzled by petitioner's former wife. Held: Petitioner does not qualify as an innocent spouse under section 6013(e), so as to be relieved from liability for the deficiency, because he had reason to know of the omission. Held further: Petitioner is liable for an addition to tax under section 6653(a). Lawrence I. Trimmer, pro se. T. Keith Fogg, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1978 in the amount of $30,056 and an addition to tax under section 6653(a) [1] in the amount of $1,502.80. Following a concession by petitioner, the issues for decision are: (1) whether petitioner Lawrence I. Trimmer (hereinafter petitioner) qualifies as an innocent spouse under section 6013(e) so as to be relieved of his joint and several liability for tax on amounts embezzled by his former wife, Thelma M. Trimmer; and (2) if petitioner is not relieved of liability by virtue of section 6013(e), whether the addition to tax under section 6653(a) is applicable. FINDINGS OF FACT Some of the facts in this case were stipulated. The facts stated in the stipulation, together with the exhibits attached thereto, are incorporated herein by this reference. At the time the petition herein was filed, petitioner resided *657 in Virginia. For the taxable year 1978, petitioner and his then wife, Thelma M. Trimmer (hereinafter Thelma) timely filed a joint income tax return with the Internal Revenue Service Center in Memphis, Tennessee. Thelma was employed for a number of years by S & L Straus Beverage Company (hereinafter S & L). During the years 1976, 1977, and 1978, Thelma embezzled funds from S & L. Sometime in July 1978, Thelma's employment was terminated and she was charged with the embezzlement of funds. Until July 1978, when Thelma informed petitioner of her discharge and the reasons for the discharge, petitioner had no knowledge of Thelma's illegal activities. S & L and Old Dominion Beverage Company [2] (hereinafter Old Dominion) employ outside route salesmen to deliver their products, which primarily consist of beer and wine. All sales made by S & L and Old Dominion, other than sales to military installations, are cash sales. For each sale, the salesmen write a sales ticket. Each salesman prepares a summary sheet every work day indicating his beginning and ending inventories for the day and the merchandise sold by him during the day. The salesmen give their sales tickets and summary sheets *658 to the office of S & L and Old Dominion at the end of each work day. Someone in the office then prepares a bank deposit, the amount of which should be equal to the total amount of sales reported on the salesmen's tickets for the day. A daily report, which is a summary of the sales tickets, is maintained. Certain other records that are supposed to be consistent with the bank deposits also are maintained. It was Thelma's responsibility, as an employee of S & L, to prepare these latter records for both S & L and Old Dominion. Since there were apparent irregularities in the amounts of S & L's and Old Dominion's cash flows, Archie Straus, one of the principal partners of both companies, asked William F. Worcester, a certified public accountant who prepared the companies' unaudited financial statements, to check whether the sales money reported by the companies' salesmen was being deposited to the bank accounts of the companies. It was established during Worcester's review that in many instances *659 the amount reflected on the daily report for a particular day exceeded the total amount shown on the bank deposit slip for that same day. It was further established during his review that the difference between the amounts on the daily reports and the amounts on the deposit slips was the result of a misappropriation of funds. A summary prepared by Worcester indicates that for 1978 the aggregate of the differences was $65,899.45. On August 7, 1978, Thelma was indicted in the Circuit Court of the City of Richmond on two counts of stealing United States currency in excess of $100. Thelma entered a plea of guilty to the two charges. Thelma was sentenced to imprisonment for a period of not less than 6 years, and she began her incarceration in the Virginia Correctional Institute for Women in October 1978. Petitioner, as a result of having only a seventh grade education, knew little about financial matters. Consequently, prior to her incarceration, Thelma handled the business matters in petitioner's home, including writing checks, paying bills, and accumulating the information necessary for the preparation of petitioner's and her joint tax returns. The tax returns were customarily *660 prepared by H & R Block. Petitioner's and Thelma's joint Federal income tax return for 1978 was prepared by H & R Block. Since Thelma was incarcerated when the 1978 return was prepared, petitioner simply supplied the preparer with information that he had obtained from an envelope maintained by Thelma prior to her incarceration. Petitioner made no mention to the preparer of Thelma's embezzlement. The amount embezzled by Thelma was not reported on the return. OPINION The first issue is whether petitioner is an innocent spouse within the meaning of section 6013(e)(1) [3] and therefore relieved from liability for the deficiency in tax for the year 1978 when he filed a joint return with his then wife, Thelma. *661 Section 6013(d)(3) provides that if a joint return is filed, the tax must be computed on the aggregate income and any liability with respect to the tax will be joint and several.Section 6013(e)(1), however, absolves a spouse from liability for tax, interest, and penalties on income omitted from a joint return under specified circumstances. To be relieved from liability under section 6013(e), petitioner must establish that each of the three conditions set out in that provision are satisfied. Adams v. Commissioner,60 T.C. 300, 303 (1973). One of the facts that must be established is that the spouse seeking to be relieved of liability did not know of, and had no reason to know of, the omission at the time of signing the return. Section 6013(e)(1)(B). From petitioner's testimony and brief, we can discern only three objections to his not being treated as an innocent spouse, namely: (1) that he was unaware, at the time that he filed the 1978 tax return, of the tax consequences resulting from Thelma's illegal activities and of the amount embezzled by her; (2) that had he known the effect of filing a joint return, he would have filed his income tax return as a married *662 individual filing separately; and (3) that although the records of both S & L and Old Dominion reflect a misappropriation of funds, such records do not negate the possibility that individuals other than Thelma, who handled money at the two companies, took a portion of the missing funds. Respondent contends that petitioner does not satisfy the requirements of section 6013(e) because his knowledge of his wife's embezzlement was sufficient, at the time of the filing of the 1978 joint return, to put him on notice of unreported income. [4] Section 6013(e)(1)(B). It is well established that embezzled funds are includable in gross income. James v. United States,366 U.S. 213 (1961). Neither petitioner's ignorance of the law nor his lack of actual knowledge of the exact amount embezzled by Thelma is sufficient to relieve him of liability for *663 the tax. As we said in McCoy v. Commissioner,57 T.C. 732, 734 (1972), "we do not think section 6013(e) was designed to abate joint and several liability where the lack of knowledge of the omitted income is predicated on mere ignorance of the legal tax consequences of transactions the facts of which are either in the possession of the spouse seeking relief or reasonably within his reach." See Quinn v. Commissioner,62 T.C. 223, 230 (1974), affd. 524 F.2d 617 (7th Cir. 1975). Although it is regrettable that petitioner filed a joint return for the taxable year 1978, this Court has no authority to permit him to now file a separate return for such year. Section 1.6013-1(a), Income Tax Regs.; Ladden v. Commissioner,38 T.C. 530, 534 (1962). Moreover, the fact that petitioner was uninformed of the effect of filing a joint return is of no moment, since we must impute a knowledge of the law to him. See Federal Crop Insurance Corp. v. Merrill,332 U.S. 380 (1947). Petitioner contends that respondent has failed to establish that Thelma embezzled funds in the amount of $65,899.45. As noted, he points out *664 that the records of S & L and Old Dominion, as well as the summary prepared by the certified public accountant, reflect only the amount of funds misappropriated from the two companies and that they do not negate the possibility that other individuals besides Thelma embezzled some of the funds. Petitioner's contention is based upon a misconception as to which party bears the burden of proof. Fox v. Commissioner,61 T.C. 704, 712 (1974). Respondent's determination of the amount of unreported income is deemed presumptively correct and petitioner has the burden of proving it arbitrary or erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. If petitioner desired to establish that other employees of S & L or Old Dominion had misappropriated a portion of the missing funds, it was his responsibility to question the certified public accountant. Petitioner did not do so, nor did he attempt to otherwise establish that other employees of the companies had misappropriated some of the missing funds. The question of whether petitioner had reason to know of the omission is a question of fact that depends *665 upon whether a reasonably prudent taxpayer in petitioner's circumstances would have had reason to know of the omission. Sanders v. United States,509 F.2d 162, 166-167 (5th Cir. 1975); Terzian v. Commissioner,72 T.C. 1164, 1170 (1979). In July 1978 petitioner had learned of Thelma's illegal activites, when she informed him of her discharge and the reasons therefor. By October 1978 Thelma had been indicted on two counts of stealing United States currency in excess of $100, pled guilty to the two counts, and begun to serve her prison sentence. Petitioner signed the 1978 return in 1979. Based upon the foregoing series of events, we are convinced that there were sufficient facts within petitioner's knowledge at the time he signed the 1978 return to provide a reasonably prudent taxpayer with reason to know of the omitted embezzlement income. [5]Sanders v. United States,supra.See Anderson v. Commissioner,T.C. Memo. 1975-104. Accordingly, we conclude that petitioner had reason to know of the omission for 1978 and is, therefore, not entitled to the benefit provided for an innocent spouse by section 6013(e). *666 Turning to the final issue, we must decide whether petitioner is liable for an addition to tax under section 6653(a). Petitioner has the burden of proving that no part of the underpayment was due to negligence or intentional disregard of rules and regulations. Marcello v. Commissioner,43 T.C. 168, 182 (1964), affd. 380 F.2d 499 (5th Cir. 1967).
Since petitioner was aware of facts from which a reasonably prudent taxpayer would have known of the omission from gross income, his signing of the return with such omission was a failure to exercise due care. See Anderson v. Commissioner,supra.
Moreover, a taxpayer's reliance upon the advice of a tax return preparer cannot by itself absolve the taxpayer of responsibility for his tax return's correctness.Rather, it is incumbent upon the taxpayer to at least provide the tax return preparer with the information *667 necessary to correctly prepare his return. Pessin v. Commissioner,59 T.C. 473, 489 (1972); Enoch v. Commissioner,57 T.C. 781, 802-803 (1972). Here, it is undisputed that petitioner did not furnish information to his tax return preparer concerning his wife's illegal activities. In accordance with the foregoing, we sustain respondent's determination that petitioner is liable for the addition to tax pursuant to section 6653(a). Decision will be entered for the Respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. As an employee of S & L, Thelma's duties included the preparation of certain records for Old Dominion Beverage Company, which was owned by substantially the same individuals as S & L.↩
3. SEC. 6013(e). Spouse Relieved of Liability in Certain Cases.-- (1) In general.--Under regulations prescribed by the Secretary, if-- (A) a joint return has been made under this section and for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.↩
4. Our agreement with respondent on the foregoing argument makes it unnecessary to consider the following argument also raised by respondent: Exchanges of property by petitioner with his stepson, which are stipulated to have been made, enabled petitioner to enjoy benefits from the embezzled funds. See section 6013(e)(1)(C).↩
5. There is nothing in the record that would lead us to conclude that petitioner's cognitive capacity was limited in any way so as to impair his ability to gain knowledge of the omitted income. See Sanders v. United States,509 F.2d 162, 169↩ (5th Cir. 1975).