T.C. Summary Opinion 2006-22


UNITED STATES TAX COURT


RUSSELL WHITING PACKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8413-03S.                    Filed February 8, 2006.


Russell Whiting Packer, pro se.

<u>Ric D. Hulshoff</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner and his former spouse's Federal income tax of $3,280.10 for 1999. The issue for decision is whether petitioner is entitled to relief from joint or several liability pursuant to section 6015(b), (c), or (f).

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Mesa, Arizona.

Petitioner and his former spouse, Leanne Valentine Packer (Ms. Valentine), were married in 1996. Petitioner and Ms. Valentine separated in August of 1999. Petitioner is a college graduate. During 1999, he was employed by the U.S. Postal Service. Ms. Valentine is a high school graduate. During the relevant periods in 1999, she was employed as a receptionist for an orthodontist. In 1999, Ms. Valentine received a distribution from her 401(k) account in the amount of $32,802 (distribution).

On February 8, 2000, petitioner filed a Petition for Dissolution of Marriage (Divorce) Without Children in the Superior Court of Arizona. On April 15, 2000, petitioner and Ms. Valentine jointly filed a Form 1040, U.S. Individual Income Tax Return, for 1999, which was prepared by a certified public accountant. The distribution was reported as income on the return. On July 27, 2000, the Superior Court of Arizona entered

a Decree of Dissolution of Marriage (Divorce Without Children) with respect to petitioner's marriage to Ms. Valentine.

On March 5, 2003, respondent issued to petitioner and Ms. Valentine a statutory notice of deficiency for 1999. Respondent determined that petitioner and Ms. Valentine are liable for a 10-percent additional tax on the distribution under section 72(t), because Ms. Valentine received the distribution prematurely. Petitioner filed with respondent a Form 8857, Request for Innocent Spouse Relief, in which petitioner sought relief from joint and several liability with respect to the 10-percent additional tax. Shortly thereafter, petitioner filed a petition with the Court.

Petitioner agrees that he had actual knowledge of the distribution at the time it was made in 1999 and that he was aware that it was taxable at the time the joint return for 1999 was filed. Petitioner, however, does not agree that he knew a 10-percent additional tax under section 72(t) would be imposed on the distribution for early withdrawal.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse, however, may seek

relief from joint and several liability under section 6015.  To

obtain relief from liability, a spouse must qualify under section

6015(b), or if eligible, may allocate liability under section

6015(c).  In addition, if relief is not available under section

6015(b) or (c), a spouse may seek equitable relief under section

6015(f).  Fernandez v. Commissioner, 114 T.C. 324, 329-331

(2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

Except as otherwise provided in section 6015, the taxpayer

bears the burden of proof.  Rule 142(a); Alt v. Commissioner, 119

T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Relief Under Section 6015(b)

Section 6015(b) provides relief from joint and several

liability for tax (including interest, penalties, and other

amounts) to the extent that such liability is attributable to an

understatement of tax.  To be eligible for relief, the requesting

spouse must satisfy the following five elements of section

6015(b)(1):

>    (A) A joint return has been made for a
>    taxable year;
>
>    (B) on such return there is an
>    understatement of tax attributable to erroneous
>    items of 1 individual filing the joint return;
>
>    (C) the other individual filing the joint
>    return establishes that in signing the return he
>    or she did not know, and had no reason to know,
>    that there was such understatement;
>
>    (D) taking into account all the facts and
>    circumstances, it is inequitable to hold the other

individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

     (E) the other individual [makes a valid election] * * *.

Respondent concedes that petitioner has satisfied the requirements under subparagraphs (A), (B), and (E) of section 6015(b)(1). At issue are the requirements under subparagraphs (C) and (D) of section 6015(b)(1).

Under section 6015(b)(1)(C), the requesting spouse must establish that in signing the return, he or she did not know or had no reason to know of the understatement. A requesting spouse has knowledge or reason to know of an understatement if he actually knew of the understatement, or if a reasonably prudent taxpayer in his position, at the time he signed the return, could be expected to know that the return contained an understatement or that further investigation was warranted. Mora v. Commissioner, 117 T.C. 279, 287 (2001); Butler v. Commissioner, supra at 283; see sec. 1.6015-2(c), Income Tax Regs.

Petitioner agrees that he knew Ms. Valentine received a distribution from her 401(k) account in 1999. Petitioner, however, contends that he did not know that there was an understatement of tax on the 1999 return, because he was not aware that the distribution would be subject to a 10-percent additional tax under section 72(t).

Where a spouse seeking relief has actual knowledge of the underlying transaction that produced the omitted income, innocent spouse relief is denied. Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002). The requesting spouse has "reason to know" of the understatement of tax if he knew every fact necessary to determine the legal consequences of the income or if such facts are reasonably within his reach; ignorance of the attendant tax consequences is not a defense. Mitchell v. Commissioner, 292 F.3d 800, 802-804 (D.C. Cir. 2002), affg. T.C. Memo. 2000-332; Price v. Commissioner, 887 F.2d 959, 964 (9th Cir. 1989); McCoy v. Commissioner, 57 T.C. 732, 734-735 (1972).

The Court finds that petitioner has failed to satisfy the requirement of section 6015(b)(1)(C). Petitioner had actual knowledge of the distribution at the time that he signed the return, which gave him reason to know of the understatement of tax on the 1999 return. Therefore, petitioner is not entitled to relief under section 6015(b).

Relief Under Section 6015(c)

Section 6015(c) allows proportionate tax relief (if a timely election is made) through allocation of the deficiency between individuals who filed a joint return and are no longer married, are legally separated, or have been living apart for a 12-month period.

Petitioner and Ms. Valentine were divorced on July 27, 2000, and petitioner's election for innocent spouse relief was made shortly after his receipt of the statutory notice of deficiency. Therefore, petitioner is eligible to elect the application of section 6015(c).

Relief under section 6015(c), however, is not available if respondent demonstrates that the requesting spouse had actual knowledge, at the time the return was signed, of any item giving rise to a deficiency (or portion thereof) that is not allocable to such individual. Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003); Cheshire v. Commissioner, supra at 193-194. The knowledge requirement under section 6015(c)(3)(C) does not require the requesting spouse to possess actual knowledge of the tax consequences arising from the item giving rise to the deficiency. Hopkins v. Commissioner, supra; Cheshire v. Commissioner, supra at 194; sec. 1.6015-3(c)(2), Income Tax Regs. Rather, the statute mandates only a showing that the requesting spouse actually knew of the item on the return that gave rise to the deficiency (or portion thereof), without regard as to whether he knew of the tax consequences. Mitchell v. Commissioner, supra at 805; Cheshire v. Commissioner, supra.

The item giving rise to the deficiency is the distribution. At the time when the distribution was made, petitioner signed a spousal consent, which evidenced that he knew and consented to

Ms. Valentine's election to make an early withdrawal of the funds in her 401(k) account. Regardless of whether petitioner knew of the tax consequences for the distribution, petitioner is not entitled to relief under section 6015(c).

Relief Under Section 6015(f)

Section 6015(f) grants the Commissioner discretion to relieve an individual, where relief is not available under section 6015(b) or (c), from joint liability if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency. Sec. 6015(f). A requesting spouse bears the burden of proving that the Commissioner abused his discretion in denying the equitable relief from joint liability under section 6015(f). Jonson v. Commissioner, 118 T.C. 106, 114 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Cheshire v. Commissioner, supra at 198; Butler v. Commissioner, 114 T.C. at 292.

As discussed above, petitioner is not entitled to relief under section 6015(b) or (c). The parties dispute whether it is inequitable to hold petitioner liable for the 1999 deficiency.

As contemplated by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61 to be used in determining whether an individual qualifies for relief under that

section.[1]  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297,
sets forth seven threshold conditions that must be satisfied
before the Commissioner will consider a request for equitable
relief under section 6015(f).  Respondent concedes that
petitioner has satisfied the threshold conditions.

A requesting spouse who satisfies all of the applicable
threshold conditions may be relieved of all or part of the
liability under section 6015(f), if, taking into account all the
facts and circumstances, the Internal Revenue Service determines
that it would be inequitable to hold the requesting spouse liable
for the income tax liability.  Rev. Proc. 2003-61, sec. 4.01, at
297.  Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. at 298,[2] sets
forth a nonexclusive list of factors that the Commissioner will
consider in determining whether, taking into account all the
facts and circumstances, it is inequitable to hold the requesting
spouse liable for all or part of the deficiency.  No single
factor will determine whether equitable relief will be granted in

---

[1]Rev. Proc. 2003-61, 2003-2 C.B. 296, supersedes Rev. Proc.
2000-15, 2000-1 C.B. 447.  The guidelines set forth in Rev. Proc.
2003-61, supra, are effective for requests for relief filed on or
after Nov. 1, 2003, and for requests for relief pending as of
Nov. 1, 2003, for which no preliminary determination letter has
been issued as of Nov. 1, 2003.  Rev. Proc. 2003-61, sec. 7,
2003-2 C.B. at 299.  Although petitioner filed his request for
relief prior to Nov. 1, 2003, Rev. Proc. 2003-61, supra, applies
in this case, because respondent had not issued a preliminary
determination letter on or before Nov. 1, 2003.

[2]Rev. Proc. 2003-61, sec. 4.03 applies to a spouse who meets
the threshold conditions of sec. 4.01, but not sec. 4.02.

any particular case, and the Commissioner will consider and weigh all relevant factors regardless of whether or not the factor is listed in Rev. Proc. 2003-61, sec. 4.03.

Rev. Proc. 2003-61, sec. 4.03(2)(a), provides the following factors that may be relevant to whether the Commissioner will grant equitable relief:  (1) Marital status, (2) economic hardship, (3) knowledge or reason to know of the item giving rise to the deficiency, (4) the nonrequesting spouse's legal obligation, (5) significant benefit, (6) compliance with income tax laws, (7) abuse, and (8) mental or physical health.

1.   Marital Status

On July 27, 2000, the Superior Court of Arizona entered a Decree of Dissolution finalizing the divorce between petitioner and Ms. Valentine.  This factor weighs in favor of granting relief.

2.   Economic Hardship

Economic hardship applies if satisfaction of the tax liability in whole or in part "will cause an individual taxpayer to be unable to pay his or her reasonable basic living expenses. The determination of a reasonable amount for basic living expenses will be made by the director and will vary according to the unique circumstances of the individual taxpayer."  Rev. Proc. 2003-61, sec. 4.03(2)(a)(ii); sec. 301.6343-1(b)(4)(i),

Proced. & Admin. Regs.  Unique circumstances do not include the maintenance of an affluent or luxurious standard of living.

There is no indication on the record that petitioner lives an extravagant lifestyle.  Petitioner, however, has offered no evidence that payment of the deficiency, in part or in full, would cause him financial hardship.  This is a neutral factor.

3.   Knowledge or Reason To Know

Actual knowledge of the item giving rise to the deficiency is a strong factor weighing against relief.  Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(B).  Petitioner agrees that he had actual knowledge of the distribution.

4.   Nonrequesting Spouse's Legal Obligation

This factor weighs in favor of the requesting spouse where the nonrequesting spouse has a legal obligation to pay the outstanding income tax liability pursuant to a divorce decree or an agreement.  Id. sec. 4.03(2)(a)(iv).  The Decree of Dissolution of Marriage entered by the Superior Court of Arizona is silent as to the treatment of any potential income tax deficiency from joint returns filed by petitioner and Ms. Valentine.  Petitioner has offered no evidence to show that Ms. Valentine has a legal obligation, pursuant to other agreement, to pay the 1999 tax deficiency.  This is a neutral factor.

5. <u>Significant Benefit</u>

Where the requesting spouse significantly benefited (beyond normal support) from the item giving rise to the deficiency, this is a factor against granting equitable relief. <u>Id.</u> sec. 4.03(a)(v), 2003-2 C.B. at 299; see sec. 1.6015-2(d), Proced. & Admin. Regs.

Petitioner testified that Ms. Valentine used about $1,500 of the distribution to pay off his truck, and that she also used the distribution, in an unknown amount, to pay "a couple other things" for petitioner. Petitioner further testified that he subsequently withdrew $3,000 from his thrift savings plan to repay Ms. Valentine. Pursuant to the Decree of Dissolution of Marriage, section 6h, Separate Debt, petitioner is responsible for a debt in the amount of $14,000, described as "spouse paid debts by borrowing from her 401K/ Truck Loan, taxes, Orange Tree Resort Time Share".

The facts and circumstances tend to suggest that petitioner did not receive any significant benefits from the distribution, because he has either repaid or is obligated to repay the funds that he received from the distribution. Nevertheless, it remains unclear how much petitioner initially received from the distribution and whether he has repaid or will actually repay all the funds that he received from the distribution. The Court concludes that this is a neutral factor.

6. <u>Compliance With Income Tax Laws; Presence of Abuse; and Mental or Physical Health</u>

There is no evidence that petitioner is not in compliance with his tax obligations. Tax compliance is a factor that the Commissioner will consider only against granting relief. <u>Ewing v. Commissioner</u>, 122 T.C. 32, 46-47 (2004). Therefore, this is a neutral factor.

There are also no allegations of abuse, or mental or physical health problems. The absence of these factors will not weigh against equitable relief. See Rev. Proc. 2003-61, sec. 4.03(2)(b).

The only factor in favor of petitioner is marital status. This, by itself, is insufficient to overcome petitioner's actual knowledge of the distribution, which is a strong factor weighing against granting petitioner equitable relief. See <u>id.</u> sec. 4.03(2)(a)(iii).

The Court finds, considering all the facts and circumstances, that there are no particularly compelling reasons to grant equitable relief under section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.