BERNADETTE P. PRICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Price v. Commissioner
Docket No. 26990-85.
United States Tax Court
T.C. Memo 1987-360; 1987 Tax Ct. Memo LEXIS 360; 53 T.C.M. (CCH) 1414; T.C.M. (RIA) 87360; July 23, 1987. Bernadette P. Price, pro se. Mitchell I. Horowitz, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and addition to tax for the calendar years and in the amounts as follows: Additions to Tax
Year
Amount
Sec. 6653(b) [1]
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1981
$ 59,916
$ 29,958
-0-
-0-
-0-
1982
49,103
-0-
$ 24,552
50% of the
$ 4,910
interest due on
$ 49,103
*361 The parties have disposed of all the issues in this case except petitioner's contention that she should not be liable for the tax on amounts embezzled at the time she filed a joint return with her husband, she did not know at that time that embezzled income was taxable. At the time the petition in this case was filed, petitioner resided in Miami, Florida. She and her husband Arthur J. Young, Sr., filed a joint return for each of the calendar years 1981 and 1982 with the Office of the Internal Revenue Service at Atlanta, Georgia. At the time petitioner signed and filed the joint returns with her former husband, she had learned of his embezzlement of funds and knew that he had embezzled substantial amounts of money. At that time petitioner did not know that embezzled funds were taxable. The parties stipulated to the following facts in this case disposing of all issues except petitioner's liability for the tax. For the taxable year 1981, respondent correctly determined income of $ 106,256 representing funds embezzled by petitioner's former husband, which were omitted by petitioner and her former husband on their joint return. Respondent disallowed business expenses claimed *362 to be deductible in 1981 by petitioner in the amount of $ 5,379. Respondent conceded petitioner's entitlement to a deduction of $ 1,691 of these expenses and petitioner conceded that the balance was not deductible. Petitioner conceded that respondent properly included $ 575 of rental income in her 1981 income and also conceded that respondent properly included $ 140 of interest income in her 1981 income. Petitioner claimed itemized deductions of $ 8,499 for 1981 which were disallowed by respondent and respondent conceded that petitioner is entitled to itemized deductions totally $ 5,691 and petitioner conceded the remaining portion of her claimed itemized deductions are not properly deductible. Of the $ 2,924 of rental expenses claimed by petitioner in 1981, respondent conceded that petitioner is entitled to a deduction of $ 998. Respondent conceded that petitioner is not liable for any addition to tax under section 6653(b) for the year 1981. Petitioner conceded that there is $ 100,228 of embezzlement income of her former husband which was not included in their joint income tax return for the calendar year 1982. Petitioner claimed business expense deduction for 1982 of $ 6,588 *363 which were disallowed by respondent and respondent conceded that petitioner is entitled to deduct $ 1,649 of these business expenses but is not entitled to deduct the balance. Petitioner claimed itemized deduction of $ 4,755 for 1982 and respondent conceded that petitioner is entitled to deduct $ 3,258 of these claimed expenses. For the year 1982 petitioner claimed $ 10,213 of rental expenses and respondent conceded that for this year petitioner is entitled to deduct $ 7,993 of these rental expenses and petitioner conceded that the balance of these claimed rental expenses which were disallowed by respondent are not properly deductible. For the year 1982 respondent conceded that petitioner is not liable for additions to tax under section 6653(b)(1) and (b)(2) or under section 6661. The only reason petitioner would not sign settlement documents in accordance with the concessions that she and respondent each made, which were stipulated into the record at the trial, is that she does not believe she should be liable for tax with respect to the sums embezzled by her former husband. Petitioner admitted that she knew about the embezzled funds at the time the joint returns for the years *364 here in issue were signed by her. In fact, she stated that her former husband had been indicted and the newspapers had been full of information of his embezzlement before she signed the joint returns. Her contention is that since she did not know when she signed the joint returns that embezzled funds were taxable income, she should not be held liable for the tax on these amounts. Petitioner does not point to any section of the statute that she believes should relieve her from the tax liability on the funds embezzled by her former husband. However, she is apparently relying on section 6013(e) which deals with an innocent spouse being relieved from tax liability under certain specific circumstances. There is no section of the Code dealing with the relief from liability for tax on the income of the other spouse by a spouse that files a joint return on which petitioner could reasonably be relying. Section 6013(e) provides in part that a spouse who establishes the other necessary requirements to be relieved of an understatement of tax of the other spouse may be relieved of such tax by establishing "that in signing the return he or she did not know, and had no reason to know, that *365 there was such substantial understatement" of tax. We have held that in order to comply with this provision of the statute, the spouse seeking to be relieved from tax liability of the other spouse must establish that she did not know of the omitted income. This requirement is not met by a showing that she knew of the income but did not know that the income was taxable. . In that case we stated with regard to an argument made by the taxpayer, similar to petitioner's argument here, that -- Petitioners have misconstrued the scope of the statute in the first place. The gist of their argument is that since as laymen they were naturally unaware of the tax consequences of incorporating the deficit partnership and since they did not realize the resulting gain in cash or other tangible form, neither husband nor wife should be held liable, but in any event the wife should be relieved of liability in view of section 6013(e). We can understand their frustration, but we do not think section 6013(e) was designed to abate joint and several liability where the lack of knowledge of the omitted income is predicated on mere ignorance of *366 the legal tax consequences of transactions the facts of which are either in the possession of the spouse seeking relief or reasonably within his reach. [.] Here since petitioner has admitted that she knew of the embezzled funds, but merely did not know that embezzled funds were taxable, the decision in , as well as other cases which have followed the McCoy case, disposes of the issue adversely to her contention. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years issue.↩