**In re Gilbert BIEBER, Debtor.**

**Gilbert BIEBER, Plaintiff,**

**v.**

**UNITED STATES of America on Behalf of its agency, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 89–41186.**
**Adv. No. 91–4031.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Dec. 15, 1992.

---

Ronald C. Crawford, Savannah, GA, for debtor/plaintiff, Gilbert Bieber.

Sean O'Conner, Washington, DC, for defendant U.S.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Plaintiff, Gilbert Bieber, debtor in the underlying Chapter 7 case, brought this adversary proceeding against the United States of America ("the Government") seeking a determination that under 26 U.S.C. § 6013(e) he is not liable for federal income taxes and statutory additions there-on assessed against him for the year 1987. Alternatively, plaintiff seeks a determination by this court pursuant to 11 U.S.C. § 505(a) of his tax liability for 1987. Plaintiff further seeks a determination that his tax liability for 1987, if any, is a dischargeable debt in the underlying Chapter 7 case.[1]

---

1. By order dated June 30, 1992 I denied plaintiff's motion to compel production of a "collection agreement" entered into between the Government and plaintiff's former wife, which agreement, plaintiff contended, is relevant to the issues raised in this adversary proceeding. In the June 30, 1992 order, I stated that the only issue for trial was the innocent spouse determination. At trial, however, plaintiff's counsel clarified that plaintiff seeks with his complaint a determination of his tax liability, if it is determined he is not an innocent spouse. Although neither party has addressed the issue during the course of this adversary proceeding, the com-

Based on the evidence presented at trial and relevant legal authorities I make the following findings.

## FINDINGS OF FACT

Plaintiff was formerly married to Martha Bieber n/k/a Martha McClure ("Ms. McClure"). During the years 1985–1987, Ms. McClure embezzled substantial amounts of money from her employer, a Savannah, Georgia law firm that employed her as a bookkeeper. In 1987, having discovered the embezzlement, the law firm issued Ms. McClure a Form 1099 which reflected "nonemployee compensation" of Thirty–Eight Thousand Ninety–Six and 73/100 ($38,096.73) Dollars, the undisputed sum of money embezzled in 1987. Plaintiff and Ms. McClure executed a joint income tax return for 1987. The 1987 return omits the embezzlement income reflected on the Form 1099, Thirty–Eight Thousand Ninety–Six and 73/100 ($38,096.73) Dollars. The 1987 tax return reports total income for the year of Twenty Thousand Seventy and No/100 ($20,070.00) Dollars and shows a tax owed of One Thousand Two Hundred Seventy–One and No/100 ($1,271.00) Dollars, income tax withheld of Two Thousand Three Hundred Sixty–Seven and No/100 ($2,367.00) Dollars, and a refund due of One Thousand Ninety–Six and No/100 ($1,096.00) Dollars.

By letter dated April 12, 1990 the Internal Revenue Service ("IRS") notified plaintiff of a tax deficiency based on the 1987 return.[2] The IRS's notice of deficiency reflects the following tax assessment against plaintiff:

| | | Additions to the Tax—IRC | | |
| Tax Year Ended | Increase in Tax | Section 6653(b)(1)(A) | Section 6653(b)(1)(B) | Section 6661 |
| --- | --- | --- | --- | --- |
| December 31, 1987 | $8,400.00 | $6,300.00 | Applies | $2,100.00 |

Although plaintiff was not aware of Ms. McClure's embezzlement as it occurred, he admitted at trial that he learned of the embezzlement prior to signing the 1987 return and knew when he signed the return that the embezzled funds were not reported on the return as income. Plaintiff testified that he did not understand that embezzled money is taxable income. Plaintiff testified that he desired to distance himself from his wife's illegal activities and requested that she "make it right." Plaintiff asked Ms. McClure before signing the return if she had "made it right." She responded, he said, affirmatively. Plaintiff further testified that he did not know that he had the option of filing an individual return in 1987, thinking married persons must file joint returns. Based on his and Ms. McClure's testimony, plaintiff is an unsophisticated taxpayer, having little experience in managing personal or family financial matters. Ms. McClure and plaintiff testified that during the marriage Ms. McClure managed all of the family finances. Each week plaintiff gave his paycheck to Ms. McClure and she paid their bills using his income and hers, disbursing

plaint requests that plaintiff's tax liability for 1987, if any, be determined a dischargeable debt in the underlying case. Additionally, plaintiff contended at trial that production of the "collection agreement" in response to a subpoena opposed by the Government is necessary to determine the amount of tax remaining due, which is in the nature of a claim objection. These issues do not render the collection agreement discoverable for the same reasons stated in the June 30, 1992 order: the collection agreement is not relevant under Federal Rule of Civil Procedure 26(b) to these issues and the Government is precluded by 26 U.S.C. § 6013(a)(1) from disclosing the collection agreement. Regarding the "claim objection" issue, the plaintiff is correct that the Government is entitled to only one satisfaction of its claim; and therefore, the amount collected from the former spouse is relevant and readily discoverable, but not the "collection agreement."

2. The IRS did not assess plaintiff for income taxes on the illegal income of Ms. McClure in 1985 and 1986.

small amounts of money to plaintiff as necessary to cover small personal expenditures such as transportation and meals.

IRS agent Deborah Shanku, who interviewed plaintiff about the 1987 return, testified that plaintiff told her during the interview that he instructed Ms. McClure to exclude the illegal income from the 1987 return. Plaintiff never stated during the course of his testimony that he instructed Ms. McClure to omit the illegal income. He testified repeatedly, however, that he instructed Ms. McClure to "make it right."

Ms. McClure and plaintiff both testified that the embezzled funds were used primarily to pay household bills, including the mortgage payment on the marital residence. During this period of time, 1985–1987, plaintiff worked various jobs as an auto-mechanic and sold automobile parts. From Ms. McClure's and plaintiff's testimony, it was only by the additional income to the household from Ms. McClure's embezzlements that household expenses were met during 1985–1987. Upon Ms. McClure's arrest for embezzlement, the mortgage was no longer paid and the mortgage holder foreclosed on the property. There is no evidence of lavish expenditures by Ms. McClure or plaintiff, any substantial increase in the parties' standard of living, or any property purchased during 1985–1987.

## CONCLUSIONS OF LAW

■ The Internal Revenue Code, 26 U.S.C., exempts a spouse from joint federal income tax liability, including interest and penalties, if the spouse establishes

(A) a joint return has been made under this section [6013] for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into the account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement....

26 U.S.C. § 6013(e)(1).[3] The taxpayer, plaintiff, bears the burden to prove by a preponderance of the evidence each of the four elements of "innocent spouse" immunity under 26 U.S.C. § 6013(e)(1). *Stevens v. C.I.R.*, 872 F.2d 1499, 1504 (11th Cir. 1989). Failure to prove any one of the elements precludes relief from liability. *Id.*

■ In this case, the first two elements of innocent spouse relief are not disputed. A joint return filed by plaintiff and Ms. McClure contains a substantial understatement of income attributable to a "grossly erroneous item," Thirty–Eight Thousand Ninety–Six and 73/100 ($38,096.73) Dollars of unreported illegal income. Regarding the third element, plaintiff argues that he did not know and had no reason to know of the substantial understatement because he did not know that illegal income is taxable. In support of his argument, plaintiff relies on *Price v. C.I.R.*, 887 F.2d 959 (9th Cir. 1989).

Plaintiff's argument—essentially that ignorance of the law qualifies him as an "innocent spouse"—is incorrect. "A taxpayer is presumed to have knowledge of the tax consequences of a transaction...." *Stevens, supra*, at 1505 n. 8. Plaintiff's reliance on the *Price* decision, moreover, is misplaced. In *Price, supra*, the Ninth Circuit Court of Appeals stated that

if a spouse knows virtually all of the facts pertaining to the transaction which underlies the substantial understatement, [his or] her defense in essence is premised solely on ignorance of law. In such a scenario, regardless of whether the spouse possesses knowledge of the tax consequences of the item at issue, [he or] she is considered as a matter of law to have reason to know of the substantial understatement and thereby is

---

**3.** 26 U.S.C. § 6013(e)(1) (1986), in effect for the taxable year 1987.

effectively precluded from establishing to the contrary. ·

*Id.* at 964 (citations omitted). Section 6013(e) was not "designed to abate joint and several liability where the lack of knowledge of the omitted income is predicated on mere ignorance of the legal tax consequences of transactions the facts of which are either in the possession of the spouse seeking relief or reasonably within his reach." *McCoy v. C.I.R.,* 57 T.C. 732, 733 (1972). *See also Price v. C.I.R.,* 53 T.C.M. (CCH) 1414 (1987) (taxpayer denied innocent spouse immunity where she knew of husband's embezzlement income and its omission from joint return but did not know embezzlement income is taxable). *Accord Sanders v. U.S.,* 509 F.2d 162 (5th Cir.1975); *Quinn v. C.I.R.,* 524 F.2d 617 (7th Cir.1975); *Mayworm v. C.I.R.,* 54 T.C.M. (CCH) 941 (1987); *Newton v. C.I.R.,* 60 T.C.M. (CCH) 1323 (1990). Plaintiff has failed to prove he did not know or have reason to know of the substantial understatement of income on the 1987 return. 26 U.S.C. § 6013(e)(1)(C).

Although plaintiff's knowledge of the unreported income in 1987 is alone sufficient to preclude a determination that he is relieved from liability for the subject tax assessments, he has also failed to establish by a preponderance of the evidence that taking into account all of the facts and circumstances of this case it would be inequitable to hold him liable for the tax. The evidence established that plaintiff received a direct benefit from the additional income in 1985–1987: the income was used to maintain the parties' household for a period of three years, not merely to pay a few household expenses. Based on plaintiff's failure to prove all four required elements for immunity under 26 U.S.C. § 6013(e)(1), plaintiff is not relieved of this tax liability for 1987.

■ Having determined plaintiff is not relieved of liability for the 1987 tax deficiency pursuant to 26 U.S.C. § 6013(e)(1) remaining for resolution is a determination

pursuant to 11 U.S.C. § 505(a) of the amount of his liability. Plaintiff contends the penalties assessed against him pursuant to 26 U.S.C. §§ 6653 and 6661 are improper.[4] Under 26 U.S.C. § 6653(b)(1),

> [i]f any part of any underpayment ... of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of—
>
> (A) 75 percent of the portion of the underpayment which is attributable to fraud, and
>
> (B) an amount equal to 50 percent of the interest payable under section 6601 [Title 26] with respect to such portion for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax or, if earlier, the date of the payment of the tax.

26 U.S.C. § 6653(b)(1) (1986). "Fraud" is not defined in Title 26, but must be ascertained on a case-by-case basis. A finding of "fraud" for purposes of 26 U.S.C. § 6653(b)(1) requires a showing that the taxpayer "intended to evade taxes that he knew or believed to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes." *Korecky v. C.I.R.,* 781 F.2d 1566, 1567 (11th Cir.1986). The Government bears the burden to prove fraud, 26 U.S.C. § 7454(a), by clear and convincing evidence. *Korecky, supra,* at 1567.

■ The Government contends plaintiff concealed income in 1987 and thereby committed "fraud" under 26 U.S.C. § 6653(b). The only evidence proffered by the Government that plaintiff concealed income, however, is the understatement of income in the 1987 return and the testimony of Ms. Shanku that plaintiff told her that he told Ms. McClure to omit the income from the 1987 return. This evidence of fraud falls far short of clear and convincing. A pattern of consistent and substantial understatements of income is evidence of fraud. *Worley v. C.I.R.,* 57 T.C.M. (CCH) 358

---

4. Plaintiff does not contest the Government's assessment of $8,400.00 as the increase in income tax on the unreported income in 1987.

(1989). However, here there is no pattern of understated income as plaintiff has been assessed the fraud penalty based on an understatement for one year only. Also, plaintiff did not testify that he instructed Ms. McClure to omit the illegal income from the 1987 return. He testified that he told her to "make it right." Plaintiff's repeated use of the phrase "make it right" was never clarified. However, based on his entire testimony, it is apparent that plaintiff intended to distance himself from the illegal conduct of his wife and attempted to further this goal by admonishing her to "make it right." He wanted her to resolve whatever problems she had created without involving him. Being an unsophisticated taxpayer, he maintains, he did not know he had the option of filing an individual return in 1987 and did not know the illegal income of his wife was taxable. Before signing the joint 1987 return, plaintiff asked Ms. McClure if she had "made it right," and she indicated she had, so he signed the joint return knowing that the illegal income was not reported. Plaintiff's explanation of his conduct, although questionable, is plausible. Without more evidence of fraud than an understatement of income for one year and the unsupported allegation that plaintiff intended to conceal income, I cannot find plaintiff's conduct constitutes "fraud" under 26 U.S.C. § 6653(b)(1). The Government having failed to carry its burden of proof on the fraud issue, its assessment against plaintiff pursuant to 26 U.S.C. § 6653(b)(1) for 1987 is improper.

▮ Plaintiff also challenges the Government's assessment of the substantial understatement penalty.

(a) Addition to Tax.

If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement.

(b) Definition and special rule.

(1) Substantial understatement.

(A) In general. For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of—

(i) 10 percent of the tax required to be shown on the return for the taxable year, or

(ii) $5,000.

. . . . .

(2) Understatement.

(A) In general. For purposes of paragraph (1), the term 'understatement' means the excess of—

(i) the amount of the tax required to be shown on the return for the taxable year, over

(ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)).

26 U.S.C. § 6661 (1986).

Application of § 6661 is mathematical. First, I must determine whether there was a "substantial understatement" of plaintiff's joint federal income tax liability reflected on the 1987 return. The "understatement" is computed by subtracting the tax due as shown on the return, One Thousand Two Hundred Seventy–One and No/100 ($1,271.00) Dollars, from the tax required to be shown, Nine Thousand Six Hundred Seventy–One and No/100 ($9,671.00) Dollars, which in this case results in an understatement of Eight Thousand Four Hundred and No/100 ($8,400.00) Dollars. An understatement is a "substantial understatement" if it exceeds the greater of 10% of the tax required to be shown on the return or Five Thousand and No/100 ($5,000.00) Dollars. In this case, there is a "substantial understatement." [5] The substantial understatement penalty is 25% of the "amount of any underpayment attributable to such understatement." 26 U.S.C. § 6661(a). In this case, the amount of the underpayment attributable to the

5. $8,400, the understatement, exceeds $5,000, which is greater than 10% of the tax required to be shown on the return, $967.10 ($9,671 × .1).

understatement is Eight Thousand Four Hundred and No/100 ($8,400.00) Dollars. Thus, the addition to the tax is Two Thousand One Hundred and No/100 ($2,100.00) Dollars.[6] The Government's assessment of the substantial understatement penalty pursuant to 26 U.S.C. § 6661(a) is proper.

■ Plaintiff seeks a determination that his tax debt for 1987 is dischargeable in the underlying Chapter 7 case. Although 11 U.S.C. § 727(a) provides for a discharge in Chapter 7 cases, § 727(b) subjects the discharge to 11 U.S.C. § 523(a), which provides in pertinent part,

(a) A discharge under section 727 ... of this title [11] does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title....

Section 507(a)(7)[7] provides that the following claims are priority claims in bankruptcy cases:

[a]llowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....

Pursuant to § 523(a)(1), such priority claims are nondischargeable. The taxable year in question, 1987, ended on or before the date plaintiff filed his Chapter 7 petition, August 11, 1989, and the return for 1987 was due April 15, 1988, within three years of the date of the petition. Accordingly, plaintiff's income tax liability for

1987 is a nondischargeable debt under 11 U.S.C. § 523(a)(1).

Section 523(a)(7) provides that a discharge under § 727 does not discharge a debt

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection [§ 523(a) ]; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition....

Under § 523(a)(7) a tax penalty is nondischargeable if the tax to which it relates is nondischargeable. *See generally In re Burns,* 887 F.2d 1541 (11th Cir.1989); *In re Hopkins,* 131 B.R. 308 (Bankr.N.D.Tex. 1991). As the substantial understatement penalty in this case relates to a nondischargeable tax liability, it is nondischargeable. Additionally, whatever interest accrues on a nondischargeable tax debt pursuant to applicable law is also nondischargeable. *See In re Burns, supra,* at 1543 (post petition interest); *Matter of Larson,* 862 F.2d 112, 119 (7th Cir.1988) (prepetition interest).

It is therefore ORDERED that judgment is entered in favor of the United States of America acting through its agent the Internal Revenue Service, denying plaintiff, Gilbert Bieber, relief from joint federal income tax liability for the year 1987 under 26 U.S.C. § 6013(e), determining pursuant to 11 U.S.C. § 505(a) that plaintiff's joint and several tax liability for 1987 is Ten Thousand Five Hundred and No/100 ($10,-500.00) Dollars[8] with accrued interest from the date of assessment pursuant to applicable law;

---

6. $8,400.00 × .25 = $2,100.00.

7. Section 507(a)(2) does not apply to this case.

8. $8,400.00 (increase in income tax for 1987) plus $2,100.00 (substantial understatement penalty) = $10,500.00.

further ORDERED that plaintiff's tax and penalty liability for the year 1987 and interest thereon is not discharged in the underlying Chapter 7 case.[9]

9. By letter dated August 28, 1992, filed September 2, 1992, plaintiff seeks reconsideration of my ruling at trial that plaintiff is not an "innocent spouse" under 26 U.S.C. § 6013(e). Plaintiff's letter is treated as a motion for reconsideration. Plaintiff's arguments in support of his motion—that under *Price v. C.I.R.*, 887 F.2d 959 (9th Cir.1989) his knowledge of the unreported illegal income in 1987 does not defeat "innocent spouse" immunity, and that he did not derive a true benefit from the illegal income, which was used primarily to pay household bills—are, for the reasons discussed above, incorrect. Accordingly, by separate order, plaintiff's motion is denied.