T.C. Summary Opinion 2006-10

UNITED STATES TAX COURT

ANA MARIA RODRIGUEZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9409-04S.                    Filed January 26, 2006.

Ana Maria Rodriguez, pro se.

Thomas M. Newman, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, all section references are to the Internal Revenue

Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2001 of $5,831 and a penalty pursuant to section 6662(a) of $1,009. After concessions[1] by the parties, the issue for decision is whether respondent abused his discretion in denying petitioner's request for relief from joint and several liability under section 6015(f).

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts, the second stipulation of facts, and the attached exhibits are incorporated by this reference. At the time of filing the petition, petitioner resided in Salinas, California.

Petitioner and Manuel Rodriguez[2] were married in June 1999, and they separated sometime in November 2000. Petitioner filed for a divorce in 2004; however that matter was still pending at the time of trial. Petitioner was employed as a day care

---

[1] Respondent concedes that petitioner is not liable for a sec. 6662(a) penalty of $1,009.

Petitioner concedes that she received $13 in interest income from Wells Fargo Bank in tax year 2001.

[2] On Aug. 3, 2004, respondent issued to Mr. Rodriguez a Notice of Filing of Petition and Right to Intervene. Mr. Rodriguez did not file a notice of intervention.

provider, and Mr. Rodriquez was employed as a regional sales manager.

During 2001, Mr. Rodriguez participated in gambling activities and had gambling winnings of $5,503. Mr. Rodriguez was a participant in an individual retirement account (IRA), and in 2001 he received a distribution of $23,363. There is no indication in the record that Mr. Rodriguez was 59-1/2 years of age or older at the time of the distribution. Petitioner was not a participant in an IRA.

Petitioner was responsible for paying the family's household finances; Mr. Rodriguez was responsible for the joint tax returns. Mr. Rodriguez hired Lydias One Day Tax Service (tax preparer) to prepare the 2001 tax return. Petitioner had limited English proficiency and required an interpreter at trial.

Petitioner and Mr. Rodriguez filed a joint Form 1040, U.S. Individual Income Tax Return, for 2001. The return reported gambling income of $4,002. Petitioner and Mr. Rodriguez also reflected total pension and annuities of $15,500 on Line 16a of the return; however, the taxable amount was reported as $1,550.

Petitioner signed the tax return, reviewed the amounts relevant to her income and deductions, and asked Mr. Rodriguez and the tax preparer questions regarding Mr. Rodriguez's income.

On February 26, 2004, petitioner submitted a Form 8857-SP, Request for Innocent Spouse Relief, seeking relief from joint and

several liability on the 2001 tax return. On March 29, 2004, respondent issued to petitioner and Mr. Rodriguez a deficiency notice for the taxable year 2001. Respondent determined that petitioner and Mr. Rodriguez omitted gambling income in the amount of $1,501 and income in the amount of $21,813 from an IRA distribution. On June 7, 2004, petitioner filed a timely petition with this Court.

Respondent concedes that petitioner did not have knowledge that Mr. Rodriguez received gambling income in tax year 2001 in excess of $4,002. Accordingly, respondent agrees that petitioner is entitled to relief from liability for tax on $1,501, the difference between the actual income received ($5,503) and the income reported on the tax return ($4,002) pursuant to section 6015(c).

Petitioner concedes that she had knowledge of a $15,500 distribution, but she did not know that the actual amount of the distribution was $23,363. Respondent concedes that petitioner is entitled to section 6015(c) relief from liability for tax on $7,863, the difference between the actual distribution ($23,363), and the distribution reflected on the tax return ($15,500).

Petitioner asserts that she is entitled to relief under section 6015(f) because Mr. Rodriguez was responsible for preparing their tax return and he chose the tax preparer. Petitioner asserts that she did not know of Mr. Rodriguez's total

gambling winnings or the amount of the distribution from Mr. Rodriguez's IRA account. Petitioner also asserts that she has no knowledge of the tax laws.

Respondent asserts that petitioner, who was granted relief under section 6015(c), is not entitled to additional relief under section 6015(f) from liability for tax on the $4,002 gambling income and $15,500 IRA distribution, primarily because she had actual knowledge of both amounts. At trial, respondent asserted that petitioner could not be considered for relief under section 6015(f), since she had been granted partial relief under section 6015(c). In a supplemental memorandum respondent conceded that petitioner could be considered for relief under such circumstances. Nevertheless, respondent asserts that, taking into consideration all the factors under section 6015(f), petitioner is not entitled to relief.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015. A spouse may qualify for relief from liability under section 6015(b), or, if eligible, may allocate liability under section 6015(c). In addition, if relief is not available under section 6015(b) or

(c), an individual may seek equitable relief under section 6015(f) to the extent that relief is not available under section 6015(b) or (c). Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000). Except as otherwise provided in section 6015, petitioner bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

A prerequisite to granting relief under section 6015(b) or (c) is the existence of a tax deficiency. Sec. 6015(b)(1)(B) and (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003). Here, after an examination of the joint return, respondent determined a deficiency of $5,831.

Petitioner sought and was granted partial relief by respondent under section 6015(c). As previously indicated, petitioner was granted relief from liability for tax on: (1) $1,501 (the difference between the gambling income reported of $4,002 and the gambling income received of $5,503), and (2) $7,863 (the difference between the IRA distribution reflected of $15,500 and the IRA distribution received of $23,363). Petitioner claims that she is entitled to equitable relief under section 6015(f).

Section 6015(f) provides:

> SEC. 6015(f) Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> (1) taking into account all the facts and

circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

 (2) relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

We have jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(f). Fernandez v. Commissioner, supra at 329-331. We review such denial of relief to decide whether respondent abused his discretion by acting arbitrarily, capriciously, or without sound basis in fact. Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). Our review is not limited to respondent's administrative record. Ewing v. Commissioner, 122 T.C. 32, 44 (2004).

Petitioner is not entitled to relief under section 6015(f) as to the gambling income. Petitioner is entitled to be considered for relief under section 6015(f)(1) where there is an unpaid tax or deficiency. The $4,002 of gambling income was reported on the return as income, and petitioner and Mr. Rodriguez received a refund based on the fact that withholding exceeded the tax reported on the return. Thus, petitioner cannot be considered for equitable relief as to the gambling income under section 6015(f) since there is not an unpaid tax or deficiency with respect to this item.

Petitioner can be considered for relief under section 6015(f) as to the amount of the IRA distribution omitted from the return resulting in a deficiency. The $15,500 distribution was reflected on the return; however, only $1,550 of that amount was reported as the taxable amount. As indicated, petitioner was granted relief under section 6015(c) as to the difference between the IRA distribution reflected on the return ($15,500) and the actual amount of the IRA distribution ($23,363). The difference is $7,863. Petitioner now seeks additional relief on the difference between the amount reflected on the return as a distribution ($15,500), and the amount reported on the return as income ($1,550), the difference of $13,950.

The Commissioner has prescribed procedures for determining whether a spouse qualifies for relief under subsection (f). The procedures set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447, have been superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296.[3] Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 297, sets forth seven threshold conditions that must be satisfied. Respondent agrees that all the threshold conditions have been met.

---

[3] Rev. Proc. 2003-61, 2003-2 C.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, is effective for requests for relief filed on or after Nov. 1, 2003, or requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003. The request for relief was submitted on Feb. 25, 2004.

Once the seven threshold conditions are satisfied, Rev. Proc. 2003-61, sec. 4.03,[4] provides factors to consider in determining whether to grant equitable relief.  Petitioner satisfies the threshold provisions; therefore, we consider the factors in Rev. Proc. 2003-61, sec. 4.03(2)(a) and (b) to decide whether respondent abused his discretion in denying equitable relief under section 6015(f).

Rev. Proc. 2003-61, Sec. 4.03(2)(a)

(i) Marital status.  This factor weighs in favor of relief if the requesting spouse and the nonrequesting spouse are divorced, legally separated, or living apart.  Petitioner and Mr. Rodriguez are married but have maintained separate households since November 2000.  This factor weighs in favor of granting relief to petitioner.

(ii) Economic hardship.  A taxpayer might experience economic hardship if he or she is unable to pay basic reasonable living expenses.  Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.  It is the taxpayer's burden to show both that the expenses qualify and that the expenses are reasonable.  Monsour v. Commissioner, T.C. Memo. 2004-190.  Petitioner has provided no evidence that she would be unable to pay basic living expenses if she is held liable for the deficiency.  There is no evidence that

---

[4] We need not consider Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, since that section relates to "underpayments".

petitioner would suffer economic hardship upon denial of relief. This factor weighs against granting petitioner relief.

(iii) Knowledge or reason to know. In the case of an income tax liability that arose from a deficiency, the fact that the requesting spouse did not know and had no reason to know of the item giving rise to the deficiency is a factor in favor of granting relief. Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(B). By contrast, the fact that the requesting spouse knew or had reason to know of the item giving rise to the deficiency is a factor weighing against relief. Id. This factor is not weighed more heavily than other factors; however, it is a strong factor weighing against relief. Petitioner must establish that she did not know and had no reason to know about Mr. Rodriguez's IRA distribution.

In evaluating whether a spouse had reason to know of an item, Rev. Proc. 2003-61, supra, provides that we may consider the spouse's level of education, any deceit or evasiveness, the spouse's degree of involvement in business and household financial matters, and her business or financial expertise. See also Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989) (factors to consider whether a spouse knew or had reason to know of a substantial understatement include spouse's level of education, spouse's involvement in family's business and financial affairs, presence of expenditures that appear lavish or

unusual when compared to the family's past levels of income, standard of living, and spending patterns, and culpable spouse's evasiveness and deceit concerning couple's finances).

Petitioner's level of education was not made a part of the record; however, given her limited English proficiency, her understanding of the tax return was likely somewhat limited.

Petitioner was responsible for paying the household expenses, and taking care of her three daughters, while Mr. Rodriguez was responsible for preparing the couple's tax returns. We conclude that petitioner was at least somewhat experienced in financial matters and in running a household.  Petitioner also had some control over financial matters because she asked the tax preparer at Lydia's Tax Service questions regarding certain items relating to Mr. Rodriguez's income.  Petitioner also testified that she tried to understand the amounts included on the return.

The record does not reflect a difference in petitioner's lifestyle, or the presence of expenditures that appear lavish or unusual in comparison to the family's past levels of income. Petitioner's standard of living and spending patterns reflect those of someone attempting to raise three daughters as a single parent on one income.

While petitioner testified that she was unaware of the amount of the IRA distribution, we note that she has previously been granted relief to the extent of the amount not reflected on

the return.  The amount of $15,500 was reflected on the return as a pension distribution.  It appears that the actual reporting of $1,550 of income was an error made by the preparer.  Given that the $15,500 was reflected on the return, we conclude that petitioner knew or had reason to know of the pension distribution.  Hayman v. Commissioner, 992 F.2d 1256, 1262 (2d Cir. 1993), affg. T.C. Memo. 1992-228; Levin v. Commissioner, T.C. Memo. 1987-67.

(iv)  Nonrequesting spouse's legal obligation.  There was no legal obligation pursuant to a divorce decree or agreement.  This factor is neutral.

(v) Significant benefit.  A significant benefit is a benefit in excess of normal support.  Sec. 1.6015-2(d), Income Tax Regs. Petitioner did not live with her husband during the year in issue.  She worked as a nanny, and there is no evidence that petitioner received any benefit beyond normal support from Mr. Rodriguez.  This factor is neutral.

(vi)  Compliance with income tax laws.  The question is whether the taxpayer has made a good faith effort to comply with tax laws in tax years subsequent to the years for which relief is requested.  This factor is neutral as there is no evidence that petitioner has either failed to comply with or fully complied with tax obligations.

Rev. Proc. 2003-61, Sec. 4.03(2)(b)

This subsection lists factors that if present will weigh in favor of equitable relief, but if not present, will not weigh against relief. The factors are (i) whether the nonrequesting spouse abused the requesting spouse, and (ii) whether the requesting spouse was in poor mental or physical health. Neither of these factors is present in this case, and accordingly they have no effect on the outcome.

Additional Factors

Petitioner argues that she lacked knowledge regarding the tax laws as the basis why she should be granted relief. We have held that where a taxpayer relies on a professional tax preparer, it is not inequitable to make either spouse liable because the error is based on a misunderstanding of the tax laws. McCoy v. Commissioner, 57 T.C. 732, 735 (1972).

On the basis of our examination of the facts and circumstances in this case, including the factors set forth in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. 298, we conclude that respondent did not abuse his discretion by acting arbitrarily, capriciously, or without sound basis in fact in denying petitioner's request for equitable relief under section 6105(f).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>